**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| PHYLLIS BUCK, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 05-5905 |
| | : | |
| WAL-MART ASSOCIATES, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**MEMORANDUM**

**ROBERT F. KELLY, Sr. J.**                              **DECEMBER 22, 2005**

This case is a premises liability action.  Plaintiff alleges that she tripped and fell

over a soda carrier case at a Sam s Club in Fairless Hills, Pennsylvania.  She claims that she

suffered severe, disabling and permanent bodily injuries resulting in extensive medical treatment.

Before the Court is Plaintiff s Motion for Remand and Defendant s Response thereto.[1]  For the

following reasons, I conclude that Defendant properly removed this action.  Consequently,

Plaintiff s Motion for Remand is denied.

**I.  PROCEDURAL BACKGROUND**

On March 14, 2005, Plaintiff filed a Complaint in the Court of Common Pleas,

Philadelphia County.  Plaintiff s case initially qualified for compulsory arbitration because the *ad*

*damnum* clause specified that damages shall not exceed $50,000.  *See* 42 Pa.C.S. § 7361(b).  In

October 2005, Plaintiff filed a Petition to Transfer Case From Arbitration to Major Jury Listing.

---

[1]  Plaintiff s Response to Defendant s Notice of Removal seeks remand of the action
arguing that removal is improper.  (Pl. s Resp. Def. s Not. Removal).  Although not labeled as a
motion for remand, I will treat Plaintiff s Response as a motion for remand pursuant to 28 U.S.C.
§ 1447(c).

Plaintiff s Petition attempted to remove the case to the Philadelphia County major jury program on the basis that her damages had significantly increased and would exceed $50,000. Defense counsel received Plaintiff s Petition on or about October 28, 2005. By letter dated October 31, 2005, defense counsel inquired into the amount in controversy by sending Plaintiff a letter to stipulate her damages to below $75,000. Plaintiff refused to stipulate that her damages are below $75,000. On or about November 9, 2005, Defendant removed the matter to this Court based upon diversity jurisdiction.[2] On November 21, 2005, Plaintiff filed the Motion for Remand which Defendant responded to on November 29, 2005.

## II. DISCUSSION

Plaintiff s Motion for Remand argues that remand is proper because Defendant did not file its Notice of Removal within the requisite thirty day time period after receipt of the Complaint. *See* 28 U.S.C. § 1446(b). According to the first paragraph of 28 U.S.C. § 1446(b), a defendant seeking to remove a civil action from a state court is required to file a notice of removal within thirty days of receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. [3] Id.

---

[2] 28 U.S.C. § 1332 states, in pertinent part, that [t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States. 28 U.S.C. § 1332(a)(1). In this case, diversity of citizenship is not contested since Plaintiff is a resident of Pennsylvania and Defendant is a Delaware corporation with its principal place of business in Arkansas.

[3] The entire first paragraph of 28 U.S.C. § 1446(b) states as follows:

The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the

Since Plaintiff filed her Complaint in state court on March 14, 2005, and Defendant did not file its Notice of Removal until November 9, 2005, it is clear that the removal was not in accordance with the time limits imposed by the first paragraph of 28 U.S.C. § 1446(b).

Defendant argues that the Notice of Removal was timely pursuant to the second paragraph under 28 U.S.C. § 1446(b) which provides that  [i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. [4]  Id.  Defendant  contends that Plaintiff s Petition to Transfer Case From Arbitration to Major Jury Listing effectively amended the Complaint to increase damages bringing them within the jurisdictional amount for removal to federal court.  According to Defendant, Plaintiff s Petition constituted an  amended pleading  described in the second paragraph of 28 U.S.C. § 1446(b) as triggering the thirty-day removal period.  Defendant argues that its removal was

---

defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b).

[4]  The entire second paragraph of 28 U.S.C. § 1446(b) states as follows:

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b).

3

timely since it was filed within thirty days after its receipt of Plaintiff s Petition.  Thus, at issue in this case is whether Defendant s removal was timely pursuant to the second paragraph of 28 U.S.C. § 1446(b) and, if so, whether Defendant has shown that the requisite jurisdictional amount of $75,000 has been met.

### A.   Other Paper  Under the Second Paragraph of 28 U.S.C. § 1446(b)

As previously mentioned, Defendant argues that Plaintiff s Petition is an  amended pleading  because it amended the damages demand of the Complaint thereby triggering the second paragraph of 28 U.S.C. § 1446(b).  The issue of whether Plaintiff s Petition should be considered an  amended pleading  does not need to be addressed because it constitutes an  other paper  pursuant to the second paragraph.  *See* Textile Chem. Co. v. Aetna Cas. & Surety Co., No. 97-2142, 1997 WL 537408, at *2 (E.D. Pa. Aug. 5, 1997)(analyzing the  other paper  language in 28 U.S.C. § 1446(b) concluding that plaintiff s statement to the court, for the purposes of taking the case out of arbitration, that the amount in controversy was over $100,000 is not an extraneous document and would be sufficient to put defendant on notice of the amount in controversy requirement).  Although what constitutes  other paper  under the second paragraph of 28 U.S.C. § 1446(b) has not been clearly defined, courts in this district have concluded that  other paper  encompasses, *inter alia*: plaintiffs  counsel s letter to defendants  counsel (Efford v. Milam, 368 F. Supp. 2d 380, 385 (E.D. Pa. 2005)); answers to interrogatories (Cabibbo v. Einstein/Noah Bagel Partners, L.P., 181 F. Supp. 2d 428, 432-33 (E.D. Pa. 2002)); attorney correspondence (Broderick v. Dellasandro, 859 F. Supp. 176, 179-80 (E.D. Pa. 1994)); and a response to request for admissions (McGhee v. Allstate Ins. Co., No. 05-1813, 2005 WL 2039181, at *2 (E.D. Pa. Aug. 22, 2005)).

Adding more uncertainty to the definition of  other paper  is the spilt amongst courts in this district regarding whether  other paper  requires the documents at issue to be filed with the court. *See* <u>MP III Holdings v. Hartford Cas. Ins. Co.</u>, No. 05-1569, 2005 WL 1320127, at *4-5 (E.D. Pa. May 31, 2005)(stating  [o]ther paper  should mean other types of court-filed documents ); <u>Textile Chem. Co.</u>, 1997 WL 537408, at *2 (finding that a plaintiff s letter is an extraneous document not constituting  other paper  because it was not filed with the court); *but see* <u>Efford</u>, 368 F. Supp. 2d at 385 (analyzing whether  other paper  requires a filing in court concluding that attorney correspondence such as a letter is within the purview of the term); <u>Cabibbo</u>, 181 F. Supp. 2d at 432-33 (stating  [m]erely because answers [to interrogatories] are not filed with the court should not be taken to mean that they are insufficient to trigger the thirty-day period ).

**B.  Analysis**

In this action, Plaintiff s Petition is a court-filed document expressing that the case has  a reasonably anticipated value significantly in excess of the arbitration jurisdictional amount  due to the fact that Plaintiff s medical records have shown that she suffered injuries far more severe than originally reported.  (Def. s Not. Removal, Ex. B, ¶¶ 16-17).  Specifically, Plaintiff alleges medical bills currently amounting to $60,217.75.  (Defs.  Br. Opp n Pl. s Mot. Remand, Ex. A).  Plaintiff also alleges that she  continues to experience very significant symptoms from her injuries, and will continue to do so into the future and will likely require substantial additional treatment in the future.   (Def. s Not. Removal, Ex. B, ¶ 13).

I find that Plaintiff s Petition qualifies as an  other paper  within the language of the second paragraph of 28 U.S.C. §1446(b).  It is a document filed with the court upon which

Defendant first ascertained that the case is one which is, or has become, removable.  When Plaintiff commenced this action, in March 2005, it was not removable because the damages claimed were less than $ 50,000.  Plaintiff s Petition, which was filed in October 2005, put Defendant on notice, for the first time, that federal diversity jurisdiction may exist.  In fact, in her response to Defendant s Notice of Removal, Plaintiff admits that diversity jurisdiction may exist, and only argues against removal based upon its timeliness under the first paragraph of 28 U.S.C. § 1446(b).  (Pl. s Resp. Def. s Not. Removal at ¶ 4).  The allegations contained within Plaintiff s Petition concerning her severe injuries which have already accrued significant medical bills amounting to $60,217.75 (and will most likely require extensive medical treatment into the future) informed Defendant to a specific degree of certainty that there was in controversy an amount exceeding $75,000 exclusive of costs and interest.

## IV.  CONCLUSION

In this action, Plaintiff s Petition to Transfer Case From Arbitration to Major Jury Listing constitutes an  other paper  under the second paragraph of 28 U.S.C. § 1446(b) which initially put Defendant on notice that the case was removable based upon diversity jurisdiction because it informed Defendant to a specific degree of certainty that there was in controversy an amount exceeding $75,000 exclusive of costs and interest.  Defendant s removal was timely pursuant to the second paragraph of 28 U.S.C. § 1446(b) since it was filed within thirty days of receipt of Plaintiff s Petition.  As a result, Plaintiff s Motion for Remand is denied.

An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|                          |   |               |
|--------------------------|---|---------------|
| PHYLLIS BUCK,            | : | CIVIL ACTION  |
| Plaintiff,              | : |               |
|                          | : |               |
| v.                       | : | No. 05-5905   |
|                          | : |               |
| WAL-MART ASSOCIATES,     | : |               |
|                          | : |               |
| Defendant.              | : |               |
|                          | : |               |

**ORDER**

**AND NOW**, this 22nd day of December, 2005, upon consideration of Plaintiff s Motion for Remand (Doc. No. 2), and Defendant s Response thereto, it is hereby **ORDERED** that the Motion is **DENIED**.

BY THE COURT:

s/ Robert F. Kelly
Robert F. Kelly,                    Sr. J.